UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VICTOR S.A.,                                                    Case No. 26-CV-0443 (PJS/ECW)

            Petitioner,

v.                                                                              ORDER

PAMELA BONDI, Attorney General;
DAREN K. MARGOLIN, Director for
Executive Office for Immigration Review;
EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW; KRISTI NOEM, Secretary, U.S.
Department of Homeland Security;
DEPARTMENT OF HOMELAND
SECURITY; TODD M. LYONS, Acting
Director of Immigration and Customs
Enforcement; IMMIGRATION AND
CUSTOMS ENFORCEMENT; DAVID
EASTERWOOD, Acting Director, St. Paul
Field Office Immigration and Customs
Enforcement; RYAN SHEA, Freeborn
County Sheriff,

            Respondents.

      Cameron Lane Youngs Giebink and David L. Wilson, WILSON LAW
      GROUP, for petitioner.

      Matthew Isihara and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for
      all respondents except Ryan Shea.

      David John Walker, FREEBORN COUNTY ATTORNEY'S OFFICE, for
      respondent Ryan Shea.

This matter is before the Court on petitioner Victor A.S.'s petition for a writ of habeas corpus.[1]  Victor, a citizen of Ecuador, entered the United States without inspection at age 17 on July 22, 2021.  V. Pet. ¶ 13, 28–29.  Victor was designated as an Unaccompanied Alien Child, pursuant to 6 U.S.C. § 279(g)(2), and he was later granted a special immigrant juvenile visa.  V. Pet. ¶¶ 30–33.  On December 22, 2025, Victor was detained without a warrant by Immigrant and Customs Enforcement ("ICE") while he was working at a restaurant in the Minneapolis-Saint Paul International Airport.  V. Pet. ¶¶ 36–40.

Respondents take the position that Victor is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229  (BIA 2025).

Following his arrest, Victor filed this habeas action.  This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection.  This Court recently held that, because

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

While Respondents' argument to the contrary has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Victor, who entered without inspection and are already present and living in the United States.[2] The Court therefore holds that Victor is not subject to mandatory detention under § 1225(b)(2).

As to remedy: The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25 CV 4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)). Victor alleged in his petition that his arrest was warrantless, *e.g.*, V. Pet. ¶¶ 2, 39, and respondents have not argued otherwise or presented evidence to the contrary. *See generally* ECF No. 6. The Court will therefore grant Victor's petition and order his immediate release.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 6 at 3.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody immediately.

4. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 26, 2026             /s/ Patrick J. Schiltz
                                    Patrick J. Schiltz, Chief Judge
                                    United States District Court